[No. 4687.  Decided July 8, 1903.]

CORA B. STURGEON, *Appellant,* v. SIMON G. WIGHTMAN *et ux., Respondents.*

ACCOUNT STATED — SUFFICIENCY OF EVIDENCE — NONSUIT.

In an action upon an account stated the grant of a nonsuit was improper where plaintiff's evidence tended to show an agreement for the payment of a stipulated sum at a specified date, and expressly denied the contention of defendants that the agreement was for the payment of the sum in monthly installments.

SAME — ACTION TO RECOVER MONEY PAID ON RESCINDED CONTRACT OF
    CONVEYANCE — TENDER OF RECONVEYANCE.

In an action upon an account stated to recover money paid upon a contract for a conveyance, where the contract had been rescinded by agreement of the parties, a reconveyance or tender of reconveyance is not necessary in order to entitle plaintiff to recover.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge.  Reversed.

*Byers & Byers,* for appellant.

*Root, Palmer & Brown,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This is an action upon an account stated. After the issues were made up and the cause came on for trial, plaintiff introduced her evidence and rested. Defendants moved for nonsuit, which the court granted, and thereupon dismissed the action. From this order plaintiff appeals.

The complaint is in the usual form, charging an account stated. It alleges that on or about December 10, 1901, an account was stated between plaintiff and defendants, in which was found due the plaintiff from defendants the sum of $490, which defendants agreed to pay; that defendants subsequently paid $287, and there was a balance due of $203. Defendants, in their answer, denied the account, and set up affirmatively that on or about December 10, 1901, defendant S. G. Wightman entered into a contract with plaintiff, whereby plaintiff agreed to purchase a certain lot in Seattle for $1,200, $70 of which was paid down, and the balance was to be paid in monthly payments of $20 each; that thereafter, in December, 1901, when plaintiff had paid the sum of $490 on said contract, plaintiff and defendant S. G. Wightman entered into an oral agreement whereby said defendant agreed to refund to plaintiff the sum she had paid, less $175, which was to be charged against plaintiff for the use of the property, the balance to be refunded in monthly payments of $20 each; that it was then understood and agreed that the first named contract was thereby terminated and rescinded; that subsequently plaintiff recorded the first named contract in the office of

the county auditor, and has not canceled or released the same of record; that said defendant has overpaid plaintiff $23. Defendants prayed for judgment for the $23 and for a cancellation of the contract. The plaintiff in reply denied the agreement to deduct the $175, or any sum, for the use of the property, and denied that the payments were to be made by defendant in installments, but admitted a rescission of the former contract to purchase the lot, and disclaimed any right, title, or interest therein. The foregoing are substantially the issues in the case as set forth in the pleadings.

On the trial, plaintiff's agent, who transacted most of the business for her, testified directly and positively that on or about December 10, 1901, the parties entered into an agreement to rescind the former contract, and that the defendants agreed to repay the sum of $490 to the plaintiff, which sum was to be paid on December 15, 1901. On that date the defendant S. G. Wightman paid $10, and subsequently made other payments on the account. Plaintiff herself testified that on February 14, 1902, she called on Mr. Wightman, and they figured up what had been paid on the account, and found the amount to be $237; that subsequently other sums were paid. Both witnesses denied that there was any agreement to deduct anything from the $490 for rent, or that there was any agreement for monthly payments. This evidence is certainly *prima facie* evidence of an account stated, and was sufficient to take the case to the jury.

Respondents argue that the appellant is not entitled to recover, because she has not reconveyed or tendered a reconveyance of the lots to respondents. This is not an action to rescind the contract for the purchase of the lot. Both appellant and respondents in their pleadings agree

that that contract has been rescinded.    It is, therefore,
of no force; and appellant, in her reply, expressly dis-
claims any right, title, or interest in the lot.    It nowhere
appears that there was any conveyance of the lot to appel-
lant.    There was only a contract to convey, which con-
tract is rescinded.    The authorities cited, to the effect
that, in order to obtain a rescission, the plaintiff must
tender a reconveyance of property received, do not apply
here.

The judgment is reversed, and the cause remanded for
a new trial.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR,
JJ., concur.